Case 4:19-cv-02684   Document 35   Filed on 05/20/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
May 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PETER CAMPBELL,** | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | **CIVIL ACTION NO. 4:19-CV-02684** |
| | § | |
| **UNITED STATES CUSTOMS &** | § | |
| **BORDER PROTECTION, *et al*,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Peter Campbell ("Campbell") is a Canadian citizen who is presently working in the United States on a temporary, nonimmigrant L-1 intracompany transferee visa valid through August 24, 2021. On March 29, 2019, Campbell was notified by Customs and Border Patrol ("CBP") that it was revoking the waiver of inadmissibility issued to Campbell in 1996. Campbell brings this action under the Administrative Procedure Act ("APA") to challenge the waiver revocation. Before the Court is CBP's Motion to Dismiss. (Doc. No. 25). The Court held a hearing on the Motion to Dismiss on May 5, 2020. Having considered the parties' briefing and arguments at the hearing, the Court stays this action pending the exhaustion of administrative remedies.

**I.    Background**

When Campbell was twenty-four, he pleaded guilty in Canada to an obstruction of justice charge, paid a $1,000 fine, and was sentenced to 90 days probation. (Doc. No. 24, ¶ 12). This conviction made Campbell inadmissible to the United States under the "moral turpitude" ground of inadmissibility, which provides that "any alien convicted of . . . a crime involving moral turpitude . . . is inadmissible." INA § 212(a)(2)(A)(i)(I).

In 1996, the United States provided Campbell with a waiver of inadmissibility for his obstruction conviction. (Doc. No. 24, ¶ 17). Campbell applied for the waiver by filling out an I-192 Application for Advance Permission to Enter as a Non-Immigrant. The waiver was granted pursuant to the INA's waiver authority for temporary nonimmigrants under INA § 212(d)(3)(A):

> (d) Temporary admission of nonimmigrants
> . . .
> (3)(A) Except as provided in this subsection, an alien (i) who is applying for a nonimmigrant visa and is known or believed by the consular officer to be ineligible for such visa under subsection (a) (other than paragraphs (3)(A)(i)(I), (3)(A)(ii), (3)(A)(iii), (3)(C), and clauses (i) and (ii) of paragraph (3)(E) of such subsection), may, after approval by the Attorney General of a recommendation by the Secretary of State or by the consular officer that the alien be admitted temporarily despite his inadmissibility, be granted such a visa and may be admitted into the United States temporarily as a nonimmigrant in the discretion of the Attorney General, or (ii) who is inadmissible under subsection (a) (other than paragraphs (3)(A)(i)(I), (3)(A)(ii), (3)(A)(iii), (3)(C), and clauses (i) and (ii) of paragraph (3)(E) of such subsection), but who is in possession of appropriate documents or is granted a waiver thereof and is seeking admission, may be admitted into the United States temporarily as a nonimmigrant in the discretion of the Attorney General. . . .

INA § 212(d)(3)(A).

Later, while in Canada, Campbell joined a Harley Davidson motorcycle group called the "Darksiders," which was founded by his brother. (Doc. No. 24, ¶ 18). Campbell joined the group "in order to spend time with his brother." *Id.* at ¶ 20. The Darksiders then apparently became interconnected in some manner with the Hells Angels Motorcycle Club. But after Campbell "eventually became aware that individuals associated with the Hells Angels motor cycle organization were showing up at Darksider gatherings," he stopped participation in the group. *Id.* at ¶¶ 21-22. There is no suggestion that Campbell was ever associated with or was even present during the commission of any illegal act connected to the Hells Angels. *Id.* at ¶ 23.

In November 2014, Campbell applied for entry into the United States at Suma, Washington. During the processing of his application, Campbell was referred for secondary

inspection, where he was questioned by CBP personnel concerning the Darksiders. *Id.* at ¶ 25. According to the CBP, Campbell stated during the interview that he was a member of the Darksiders club that his brother founded, and "admitted to CBP Officers that the Darksiders Motorcycle Club is a 'puppet club' for the Hells Angels Motorcycle Club." (Doc. 24-2, at 2-3). CBP allowed Campbell to withdraw his application for admission, which he did. *Id.* After the CBP interview, Campbell sold his motorcycles and officially terminated his membership with the Darksiders. (Doc. No. 24, ¶ 25).

In 2018, Campbell entered the United States on a temporary, nonimmigrant L-1 intracompany transferee visa, which is valid through August 24, 2021. After admission, CBP reviewed Campbell's 2014 interview and decided to revoke the waiver of admissibility granted to him in 1996. CBP sent a letter of revocation to Campbell on March 29, 2019, which reads:

NOTICE OF REVOCATION OF APPROVED FORM I-192

You are a citizen of Canada who applied for advance permission to enter the United States for the purpose of vacation. Your Form I-192, Application for Advance Permission to Enter the United States as a Nonimmigrant, was approved by the former Immigration and Naturalization Service (INS) on February 11, 1996 for an indefinite period, until revoked. The record available at the time your application was adjudicated indicated the following:

| Date and Place | Charge | Disposition |
|---|---|---|
| 1988-09-09 Dartmouth, NS | (1) Extortion SEC 305(1) CC | (1) $1,00, 1-D 90 Days |

The record available at the time your application revealed that you were inadmissible to the United States under Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act (INA), as amended. The noted section of the INA states, in part, that any alien who has been convicted of a crime involving moral turpitude is inadmissible to the United States.

The authority to grant permission to enter the United States despite certain grounds of inadmissibility is contained in Section 212(d)(3) of the Immigration and Nationality Act (INA), and Title 8, Code of Federal Regulations, Part 212.24 (8 CFR 212.4). The exercise of such authority is discretionary, and the granting of an application for advance permission to enter as a nonimmigrant pursuant to Section 212(d)(3) is considered on its merits which include the presence of extenuating or mitigating circumstances, and a positive showing of rehabilitation when criminal activity is involved. The application bears the burden of establish that the waiver should be granted in the exercise of discretion.

> The record shows that on November 29, 2014, you applied for entry at the Sumas port of entry, located in Sumas, WA. You applied for admission as an E- 1, Treaty Trader/Investor and presented your passport and E-1 visa under FOIL#J00083846, dated February 20, 2014 valid until February 17, 2019 and were referred for secondary inspection. During your secondary inspection, you stated to U.S. Customs and Border Protection (CBP) officers that you were a member of a motorcycle club known as the Darksiders, located in Dartmouth, NS Canada. You further stated that your brother, Kevin Campbell, founded the club as the Dartmouth Motorcycle Club approximately five years prior. You further admitted to CBP Officers that the Darksiders Motorcycle Club is a "puppet club" for the Hells Angels Motorcycle Club. CBP Sumas allowed you to withdraw your application for admission.
>
> The U.S. Department of State (DoS), in concurrence with Department of Homeland Security (DHS), has classified the Hells Angels in the DoS Foreign Affairs Manual as a known criminal organization whose members and close affiliates may presumptively be inadmissible to the United States under Section 212(a)(3)(A)(ii) of the INA. This subsection renders inadmissible any alien that government has reasonable ground to believe is seeking to enter the United States to engage solely, principally, or incidentally, in any other unlawful activity in addition to those illegal acts enumerated in Section 212(a)(3)(A).
>
> 8 CFR 212.4(c)(1)(viii) provides that each authorization under section 212(d)(3)(A) or (B) of the Act is subject to revocation at any time. With the introduction of this information, your approved Advance Permission to Enter the United States as Nonimmigrant, dated February 11, 1996, is hereby revoked.

(Doc No. 24-2).[1]

The last sentence of the letter makes clear that CBP has decided to revoke the waiver issued to Campbell in 1996 in relation to his § 212(a)(2)(A)(i)(I) ground of inadmissibility based on his

---

[1] The Hells Angels classification referenced in the CBP letter comes from the Foreign Affairs Manual (FAM), which is a guidance document issued by the State Department. The relevant section from the FAM, entitled "Aliens Engaging in Organized Crime," provides:

a. (U) An INA 212(a)(3)(A)(ii) visa ineligibility may arise from the fact that the applicant is a member of a known criminal organization which includes . . . the biker gangs the Hells Angels, Outlaws, Bandidos, and Mongols; . . . If an active member of one of these organized crime groups applies for a visa, you must deny the visa application under INA 221(g) and submit a request for an advisory opinion (AO) through the IVO or NIV system to CA/VO/L/A.

b. (U) As written, INA 212(a)(3)(A)(ii) is applicable to an individual entry, although the basis for applying INA 212(a)(3)(A)(ii) to active members of organized criminal societies makes it a de facto permanent ground of ineligibility. . . .

c. (U) The basis for these determinations was that these groups operate as permanent organized criminal societies. Active membership in these groups could reasonably be considered to involve a permanent association with criminal activities and, therefore, could reasonably support a conclusion that any travel by such an alien to the United States could result in a violation of U.S. law, whether as a principal or incidental result of such travel. . . .

9 FAM 302.5-4(B)(2)(U).

1988 conviction. It is less clear from the letter itself whether, in reaching that decision, CBP made the further finding that Campbell is inadmissible under § 212(a)(3)(A)(ii) because of his past affiliation with the Darksiders. Read carefully, the letter does not explicitly include such a finding. Instead, it only summarizes the contents of Campbell's 2014 interview with CBP, states that DHS has classified the Hells Angels as a group whose affiliates "may presumptively be inadmissible" under § 212(a)(3)(A)(ii), and concludes that "with the introduction of this information," Campbell's prior waiver of inadmissibility related to his 1988 conviction is revoked. But given how the letter is written, it is certainly understandable that Campbell formed the alternate impression that CBP had already deemed him inadmissible under § 212(a)(3)(A)(ii).

Whether or not CBP's revocation of Campbell's waiver is premised on a finding of inadmissibility under § 212(a)(3)(A)(ii) is an issue of great importance to Campbell because such a finding would preclude him from being able to apply for a new waiver of inadmissibility in the future. *See* INA § 212(d)(3)(A) (excluding individuals inadmissible under § 212(a)(3)(A)(ii) from those who may apply for a waiver of inadmissibility).[2] Against this background, Campbell filed the instant suit challenging the revocation of his waiver under the APA. Campbell seeks "a declaratory judgment that 1) CBP has no factual basis for finding a reason to believe that Campbell

---

[2] This statutory ground of inadmissibility provides:

(3) Security and related grounds

   (A) In general

*Any alien who a consular officer or the Attorney General knows, or has reasonable ground to believe, seeks to enter the United States to engage solely, principally, or incidentally in--*

      (i) any activity (I) to violate any law of the United States relating to espionage or sabotage or (II) to violate or evade any law prohibiting the export from the United States of goods, technology, or sensitive information,
      (ii) *any other unlawful activity*, or
      (iii) any activity a purpose of which is the opposition to, or the control or overthrow of, the Government of the United States by force, violence, or other unlawful means,

   *is inadmissible*.

INA § 212(a)(3)(A) (emphasis added).

is seeking to enter the US to engage even incidentally in any unlawful activity; and 2) Defendants' revocation of the waiver of inadmissibility is invalid." (Doc. No. 24, at ¶53). The CBP moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. (Doc. No. 25). The Court held a hearing on the Motion to Dismiss on May 5, 2020.

At the hearing on the Motion to Dismiss, CBP repeatedly clarified that no finding had yet been made regarding whether Campbell is inadmissible under § 212(a)(3)(A)(ii). CBP explained that the only finding it has made so far is that Campbell *may* be presumptively inadmissible under § 212(a)(3)(A)(ii). In other words, CBP's decision to revoke Campbell's waiver is premised only on its finding that Campbell is possibly inadmissible under § 212(a)(3)(A)(ii). CBP further explained that Campbell will be found inadmissible under § 212(a)(3)(A)(ii) in the future only if an immigration officer or consular officer makes that determination.

According to CBP, the next step that Campbell must take is to file another I-192, Application for Advance Permission to Enter as a Nonimmigrant. When he files his I-192 application, Campbell will be able to submit evidence—including a personal statement, affidavits, and references—in support of his application. Based on that evidence, the reviewing officer will then make a finding as to whether Campbell is inadmissible under § 212(a)(3)(A)(ii). If the reviewing officer finds that Campbell is inadmissible under § 212(a)(3)(A)(ii), and therefore denies Campbell's I-192 application, Campbell may appeal that decision to the Board of Immigration Appeals ("BIA").

CBP argues that because Campbell has not yet taken these steps, he has not exhausted his administrative remedies. The Court agrees. The Court therefore STAYS this case to allow Campbell to pursue the steps just described. If CBP should later take the position that the above described steps are not available to Campbell, or that Campbell is estopped from applying for a

new waiver because CBP has already found him inadmissible under § 212(a)(3)(A)(ii), Campbell may file for a lifting of the stay. Furthermore, at the conclusion of proceedings in the BIA, if matters should get that far, Campbell retains any and all rights he has to pursue judicial review in this court or in a federal court of appeals.

    **IT IS SO ORDERED.**

    **SIGNED** at Houston, Texas, on this the 20th day of May, 2020.

                                            HON. KEITH P. ELLISON
                                            UNITED STATES DISTRICT JUDGE